[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action commenced by the law firm of Zailckas Zailckas against a former client for the balance due it for legal services rendered to her. There is no question that the plaintiff, through its employee attorney Patrick Zailckas rendered services to the defendant for which it should be paid. The only issue in this matter is the amount due and owing to the plaintiff.
The bills rendered to the defendant were confusing and it is not surprising that the defendant questions the amount that the plaintiff claims is presently due and owing. The itemized bill, dated 2/5/91 (defendant's Exhibit 5), which was first sent to the CT Page 384 defendant, computes the hourly rate differently for the same time than on the itemized bill dated 3/29/91 (plaintiff's Exhibit D). The bill dated February 3, 1992 indicates a balance due of $2,659.00 plus costs of $34.80, yet a month later, with no payments being made by the defendant in the interim, the bill dated March 15, 1992 is for $1,500.00 plus the same costs of $34.80.
The professional relationship between the parties here was most unusual. The defendant commenced her action pro se by drafting and serving her own summons and complaint. Thereafter, the plaintiff was retained and then began this unusual relationship where the defendant discharged and rehired the plaintiff on more than one occasion. At one point, when at least the defendant thought she had fired the plaintiff, she claimed her matter to the trial list herself. Prior to March 16, 1992, the defendant wrote a letter to the plaintiff discharging him, and then drafted her own stipulated settlement agreement according to her testimony, after conferring with her then husband, and appeared in court on that date prepared to represent herself at hearing that was then scheduled. Mr. Zailckas did come to court on that date, armed with both an agreement that he prepared and a withdrawal of his appearance. The parties met in the office of Sylvia Richards on March 16, and after several hours of discussion, it was agreed that Mr. Zailckas would continue to represent her and did represent her on the following day when the dissolution was finalized. The court accepts the testimony of Sylvia Richards who stated in court that the negotiations or discussions in her office on March 16 were primarily centered on the complaints of Miss Howard relative to the services of the plaintiff and the defense of same by the plaintiff. According to Miss Richards, little that afternoon was done by Mr. Zailckas by way of providing legal services to the defendant.
Giving consideration to the defendant's claims and relying on the plaintiff's own billing, dated March 15, 1992, in which the plaintiff claims that as of that date, March 15, he was owed $1,500.00 plus costs, the court will find therefore that as of March 15, 1992, the plaintiff was entitled to $1,500.00 plus costs of $34.80. The plaintiff did render services to the defendant after that date and the court finds that the reasonable value of those services, based on the agreed hourly rate, is $200.00. The court will therefore enter judgment on behalf of the plaintiff as against the defendant, in the amount of $1,734.80. CT Page 385
PELLEGRINO, J.